IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 21-00053 HG-1 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| EDMUND S. FERREIRA, III, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE BASED ON AMENDMENT 821 TO THE UNITED STATES SENTENCING GUIDELINES PURSUANT TO 18 U.S.C. § 3582(c)(2) (ECF No. 54)**

Defendant Edmund S. Ferreira, III, proceeding pro se, seeks a reduction of his term of imprisonment based upon Amendment 821 to the United States Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2).

Amendment 821 altered the sentencing guidelines of certain zero point offenders under Section 4C1.1 and changed the calculation of "status points" under United States Sentencing Guideline § 4A1.1(e).

Defendant is not eligible for a reduction in sentence. The changes made by Amendment 821 do not apply to him. Defendant did not receive any status points at sentencing. Defendant does not qualify for a reduction for certain zero-point offenders pursuant to U.S.S.G. § 4C1.1 because he received an aggravating role enhancement pursuant to U.S.S.G. § 3B1.1.

1

Defendant's Motion to Reduce Sentence (ECF No. 54) is **DENIED**.

## PROCEDURAL HISTORY

### I.   Information, Guilty Plea, & Sentencing

On March 6, 2020, a Criminal Complaint was filed as to Defendant Edmund S. Ferreira, III.  (ECF No. 1).

On April 20, 2021, Defendant was charged in an Information with one count: Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine and Fentanyl in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B).  (ECF No. 36).

On May 10, 2021, Defendant pled guilty to the sole count of the Information.  (ECF No. 39).  Defendant's guilty plea was made pursuant to a plea agreement.  (ECF No. 41).

On October 28, 2021, the Probation Officer filed the Presentence Investigation Report.  (ECF No. 48).

The Presentence Report calculated Defendant's base offense level at 36 based on the amount of methamphetamine, ice, and fentanyl for which Defendant was responsible.  (Id. at ¶ 23). Defendant received a two-level increase for his role as an organizer, leader, manager, or supervisor pursuant to U.S.S.G. § 3B1.1(c).  (Id. at ¶ 26).  Defendant received a two-level decrease for acceptance of responsibility and an additional one-level decrease for timely entering into a guilty plea.  (Id. at ¶¶ 30-31).  Defendant's total offense level was 35.  (Id. at ¶

32). Defendant's criminal history score was 0 with a criminal category of I. (Id. at ¶ 37).

Defendant's sentencing guideline range was 168 to 210 months imprisonment. (Id. at ¶ 67).

On January 27, 2021, Defendant was sentenced to the statutory mandatory minimum of 120 months imprisonment and 5 years of supervised release. (ECF No. 52).

**II.  Defendant's Motion To Reduce Sentence**

On February 2, 2024, Defendant, proceeding pro se, filed a Motion to Reduce Sentence Under Amendment 821 to the United States Sentencing Guidelines Pursuant to 18 U.S.C. § 3582(c)(2). (ECF No. 54).

On February 5, 2024, the Court referred the Motion to the Federal Public Defender's Office to see if they would represent the Defendant in seeking a reduction in sentence. (ECF No. 55).

On the same day on February 5, 2024, the Federal Public Defender's Office declined to represent the Defendant. (ECF No. 56).

On February 6, 2024, the Court issued a briefing schedule. (ECF No. 57).

On February 28, 2024, the Government filed its Response in Opposition to Defendant's Motion. (ECF No. 58).

**STANDARD OF REVIEW**

Section 3582(c)(2) of Title 18 of the United States Code permits a court to reduce a term of imprisonment if the sentence was based on a sentencing range subsequently lowered by the United States Sentencing Commission.

The Sentencing Commission amended United States Sentencing Guideline § 1B1.10 to provide for a reduction in certain terms of imprisonment as a result of amended guideline ranges provided for in Amendment 821, which became effective on February 1, 2024.

**ANALYSIS**

Defendant's Motion, construed liberally, seeks a reduction in sentence based on Amendment 821 to the United States Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2).

Defendant is not eligible for a reduction in his term of imprisonment because he has not established that his sentencing guidelines would be lower pursuant to Amendment 821.

Amendment 821 made two significant changes in the Sentencing Guidelines and the calculation of criminal history points.

<u>First</u>, Subpart A of Amendment 821 limits the overall criminal history impact of "status points," which are additional criminal history points given to a defendant for having committed an offense while under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work

4

release, or escape status.  See U.S.S.G. § 4A1.1(e).

Here, Defendant did not receive any status points in calculating his criminal history points.  Defendant did not commit the instant offense while under a criminal justice sentence.  The changes in the sentencing guidelines under Amendment 821 for the calculation of status points do not apply to Defendant.

Second, Subpart B of Amendment 821 created a new guideline found in U.S.S.G. § 4C1.1, which provides for a decrease of two offense levels for certain zero-point offenders who meet its requirements, as follows:

> (a) Adjustment.—If the defendant meets all of the following criteria:
>
> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
>
> (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
>
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
>
> (4) the offense did not result in death or serious bodily injury;
>
> (5) the instant offense of conviction is not a sex offense;
>
> (6) the defendant did not personally cause substantial financial hardship;
>
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another

          participant to do so) in connection with the offense;

  (8)  the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);

  (9)  the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and

  (10)  the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. §848;

decrease the offense level determined under Chapters Two and Three by 2 levels.

U.S.S.G. § 4C1.1(a).

Here, Defendant does not qualify for a reduction for certain zero-point offenders pursuant to Section 4C1.1(a). At sentencing, Defendant received an upward adjustment for an aggravating role pursuant Section 3B1.1. (Presentence Investigation Report at ¶ 26, ECF No. 48). Section 4C1.1(a)(10) precludes Defendant from receiving the two-level decrease in the sentencing guidelines for certain zero-point offenders.

The changes to the United States Sentencing Guidelines based on Amendment 821 are inapplicable to Defendant. Defendant is not entitled to a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2).

In addition, even if Defendant's sentencing guidelines were lowered pursuant to Amendment 821, Defendant was already

6

sentenced to the 120-month mandatory statutory minimum term of imprisonment. A reduction in the defendant's term of imprisonment below the mandatory statutory minimum sentence is not authorized under 18 U.S.C. § 3582(c)(2). U.S.S.G. §§ 1B1.10(a)(2)(B); 1B1.10 cmt.1(A); United States v. Griego, 2024 WL 841092, *2 n.2 (D. Nev. Feb. 27, 2024).

## CONCLUSION

Defendant's Motion to Reduce Sentence based upon Amendment 821 to the United States Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2) (ECF No. 54) is **DENIED**.

IT IS SO ORDERED.

DATED: March 7, 2024, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

United States v. Edmund S. Ferreira, III, Cr. No. 21-00053 HG-1, **ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE BASED ON AMENDMENT 821 TO THE UNITED STATES SENTENCING GUIDELINES PURSUANT TO 18 U.S.C. § 3582(c)(2) (ECF No. 54)**